IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER BRANDALEONE and CRISTINA BRANDALEONE, | § § § | No. 221, 2025 |
| Defendants Below, Appellants, | § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | C.A. No. S24L-12-008 |
| BURTON BUILDER LLC, a Delaware limited liability company, | § § § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: May 15, 2025
Decided: July 1, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice of appeal from an interlocutory order and the exhibits, it appears to the Court that:

(1) Burton Builder LLC ("Burton") initiated this action to recover money that Christopher and Cristina Brandaleone allegedly owe for renovation work performed on their property. The Brandaleones moved to dismiss the complaint, arguing that Burton lacks standing because it was not registered with the Delaware Department of Labor when it performed the work, as required by the Delaware

Contractor Registration Act.[1] The Superior Court denied the Brandaleones' motion, holding that the statute does not provide a "private right of enforcement" against a licensed contractor such as Burton.[2]

(2) The Superior Court denied the Brandaleones' application for certification of an interlocutory appeal. The court held that its ruling on the motion to dismiss decided a substantial issue of material importance.[3] But the court concluded that the considerations set forth in Rule 42(b)(iii) did not weigh in favor of certification. The court agreed with the Brandaleones' arguments that its decision decided a novel issue[4] and that reversal of its decision denying the motion to dismiss would terminate the litigation.[5] The court disagreed with their contention that this Court should address whether the Contractor Registration Act bars Burton's claim in advance of an appeal from a final order.[6] The court also concluded that the

---

[1] *See* 19 *Del. C.* § 3604 ("A contractor must register under this chapter before performing construction services or maintenance.").
[2] *Burton Builder LLC v. Brandaleone*, C.A. No. 24L-12-008, Docket Entry No. 13 (Del. Super. Ct. Apr. 15, 2025).
[3] *Id.* Docket Entry No. 18 (Del. Super. Ct. May 14, 2025); *see* DEL. SUPR. CT. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").
[4] *See* DEL. SUPR. CT. R. 42(b)(iii)(A) (providing that the trial court shall consider whether the interlocutory order "involves a question of law resolved for the first time in this State").
[5] *See id.* R. 42(b)(iii)(G) (providing that the trial court shall consider whether "review of the interlocutory order may terminate the litigation").
[6] *See id.* R. 42(b)(iii)(C) (providing that the trial court shall consider whether the "question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order").

2

inefficiency, disruption, and costs of an interlocutory appeal would substantially outweigh the benefits of interlocutory review.[7]

(3)    We conclude that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[8]  In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case, and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[7] *Id.* R. 42(b)(iii).
[8] *Id.* R. 42(d)(v).